***NOT FOR PUBLICATION*$$

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TANISHA ADDISON,

    Plaintiff,

v.

AMAZON.COM, INC.,

    Defendants.

Civil Action No.: 22-01071 (FLW)

**OPINION**

**WOLFSON, Chief Judge:**

*Pro se* Plaintiff Tanisha Addison ("Plaintiff") brings this employment discrimination action against her former employer, Defendant, Amazon.com Services LLC ("Amazon") (improperly plead as "Amazon.com, Inc."). Plaintiff appears to allege that Amazon discriminated against her on the basis of her age, religion, gender, race, and disability in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq.* ("Title VII"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA"), as well as a retaliation claim under Title VII.

Presently before the Court is Amazon's unopposed partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), in which it argues that Plaintiff has not alleged facts showing discriminatory conduct based on her age, religion, and gender.[1] Rather, Amazon contends that Plaintiff simply relies on broad conclusory statements that fail to allege how, if at all, Amazon discriminated against her. For the reasons set forth below, Amazon's partial Motion to Dismiss is

---

[1] Because Plaintiff had not filed any opposition to Amazon's Motion, the Court notified Plaintiff that she would have until June 8, 2022, to file an opposition for consideration. (*See* ECF No. 6, No Opposition Letter.) To date, Plaintiff has not filed her opposition.

**GRANTED**. Plaintiff's age, religion, and gender discrimination claims are dismissed without prejudice. To the extent that Plaintiff believes she can supply additional facts to cure the deficiencies related to her age, religion, and gender discrimination claims, Plaintiff is given leave to amend the Complaint within 20 days of the accompanying Order. Because Amazon has not moved to dismiss the entire Complaint, Plaintiff's race and disability discrimination claims and retaliation claim, as construed by the Court, remain. However, if Plaintiff does not file an amended complaint within 20 days, or otherwise respond to the Court's Order indicating that she intends to pursue only the remaining claims, the Court may dismiss Plaintiff's Complaint for failure to prosecute. Finally, should the case proceed, the Court will provide Amazon another opportunity to dismiss Plaintiff's age, religion, and gender discrimination claims, as amended, and/or the remaining claims.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for the purpose of Amazon's partial Motion to Dismiss. (ECF No. 1, Ex. A to Def. Notice of Removal ("Compl.").)[2]

At the outset, I note that the Complaint in this matter is hardly a model of clarity. Based on the limited allegations, it appears that Plaintiff was previously employed at Amazon as a Process Assistant in the Outbound Dock Department until she was purportedly terminated by email on February 7, 2021. (*Id.* at 1.) Plaintiff claims that her termination occurred less than twenty-four hours after she called the Employee Ethics Line to report a hostile work environment and discriminatory conduct by her manager, Michlene Macauley ("Ms. Macauley"). (*Id.*)

---

[2] References to Plaintiff's Complaint are made by page number because the Complaint does not contain separately enumerated paragraphs.

Generally, Plaintiff alleges that Amazon "defamed" her, infringed on her "rights of freedom," and caused her financial hardship. (*Id.* at 2.) As to defamation, Plaintiff alleges that she achieved "milestones without […] recognition," and that she was unjustly denied promotion or employment transfer. (*Id.*) Plaintiff further alleges that her coworkers spoke of her impending termination before it occurred, contributing to an overall "black balling" of Plaintiff by management. (*Id.*) Regarding Plaintiff's "rights of freedom," Plaintiff alleges that she was known to be "highly spiritual" and that her manager discriminated against her based on that spirituality. (*Id.*) As to financial damage or financial hardship, Plaintiff alleges that, unlike her peers, she was not eligible for overtime pay, and that her earning potential was diminished because management denied her promotion. (*Id.*)

After her termination, but prior to filing this Complaint, Plaintiff presented her case to the Equal Employment Opportunity Commission ("EEOC"). On August 13, 2021, she filed a Charge of Discrimination (the "Charge") against Amazon, in which she alleged various discriminatory events based on age, religion, gender, race, and disability, as well as retaliation, that took place in her last year of employment with Amazon. (Compl., 3-7.) Although the Charge is affixed to Plaintiff's Complaint, its contents are not expressly alleged in the Complaint. Given Plaintiff's *pro se* status, however, I will construe the contents of the Charge as allegations for the purposes of this Opinion.

First, according to Plaintiff, she interviewed for a promotion to Process Assistant in March 2020, but she was not initially hired for that position. (*Id.* at 4.) While her manager at the time notified Plaintiff that a waitlist existed for the position, Plaintiff specifically alleges that she was not selected for the position because of her gender and age. (*Id.*) Plaintiff further alleges that, although Amazon placed her in a Seasonal Process Assistant position in July 2020, she received

only a $1 per hour increase in salary, while others in the permanent Process Assistant position received a $20 per hour increase. (*Id.* at 5.) Therefore, Plaintiff alleges that she had to "work harder in the position to claim the permanent role" than her colleagues. (*Id.*)

In September 2020, Plaintiff moved to a permanent Process Assistant position and began reporting to Ms. Macauley.[3] (*Id.*) Plaintiff alleges that Ms. Macauley accused her of "mov[ing] around too much." (*Id.*) Plaintiff, in turn, informed Ms. Macauley that she had previously been diagnosed with Attention Deficit Disorder ("ADD"), which caused Plaintiff to be off task for parts of the workday. (*Id.*) Plaintiff alleges that Ms. Macauley dismissed her ADD diagnosis and instead told Plaintiff to "manage" it. (*Id.*) Plaintiff alleges that Ms. Macauley would often reprimand her for being off task and threaten to "write [her] up," therefore discriminating against her based on her disability. (*Id.* at 5-6.) As a result of the alleged "constant harassment," Plaintiff took two weeks of medical leave in November 2020. (*Id.* at 6.) Upon her return from medical leave, Plaintiff alleges that Ms. Macauley continued to threaten her with performance "write up[s]." (*Id.*) Plaintiff states that she was provided additional training when she returned from leave, but that Ms. McCauley, who was fifteen years Plaintiff's senior, continued to "black ball" her.[4] (*Id.* at 7.) Plaintiff further alleges that she requested a one-on-one meeting with Ms. Macauley's manager, but that Ms. Macauley thwarted that meeting on repeated occasions. (*Id.*)

---

[3] The Complaint does not explicitly state that Plaintiff's new position as of September 2020 was in fact a permanent Process Assistant position. Rather, Plaintiff's Complaint only asserts that she started a new position at that time after the termination of her colleague Elias Flores. (Compl., 5.) Based on the Complaint, this was the last position that Plaintiff held prior to her termination. (*Id.* at 1.) At the time of Plaintiff's termination, she alleges that she was a Process Assistant. (*Id.*) Therefore, this Court assumes Plaintiff's new position was a permanent Process Assistant position.

[4] Plaintiff's age is not stated in the Complaint. However, at the time of her hire, she presented to Amazon that she was born in 1994. (*See* Declaration of Ann Marie Effingham, Esq. ("Effingham Decl.") ¶ 3.) Therefore, at the time of the Complaint's filing on December 7, 2021, she was 26 or 27 years old. (*See id.*)

In December 2020, Plaintiff alleges that she began to "run" the Outbound Floor, which included activities such as wrapping pallets. (*Id.*) Plaintiff claims that, despite doing well on the Outbound Floor, Ms. Macauley asked Plaintiff if she wanted to switch departments, which Plaintiff purportedly declined. (*Id.*) Plaintiff further alleges that in January 2021, an "OMR event" occurred where other Process Assistants were ranked based on performance, and Plaintiff was not advised of her ranking.[5] (*Id.*) Finally, Plaintiff alleges that on January 23, 2021, an investigation into her work-related performance commenced after Ms. Macauley reported Plaintiff's performance to her superiors. (*Id.*) As noted above, Plaintiff was ultimately terminated from Amazon in February 2021. (*Id.* at 1.)

On September 8, 2021, the EEOC notified Plaintiff that it would not proceed with an investigation, making no findings as to the merits of the claims raised in the Charge. (*Id.* at 8.) The EEOC informed Plaintiff that she would have 90 days from receipt of its notice to sue Amazon under federal law in either state or federal court. (*Id.*) In response, on December 7, 2021, Plaintiff filed the instant Complaint in the Superior Court of New Jersey, Law Division, Mercer County. (*Id.* at 1.) The Court construes Plaintiff's Complaint to assert religion, age, race, and disability discrimination claims in violation of Title VII, the ADEA, and the ADA, as well as a Title VII retaliation claim.[6] Amazon timely removed the Complaint to this Court pursuant to 28 U.S.C § 1331, 28 U.S.C § 1332, and 28 U.S.C § 1441 on the basis of federal question and diversity jurisdiction. (*See* ECF No. 1, Notice of Removal.) On March 21, 2022, Amazon filed the instant

---

[5]   It is not clear from the Complaint what an "OMR event" is, although it seems to involve an evaluation of employee performance.

[6]   As stated above, given Plaintiff's *pro se* status, the Court construes the existence of these claims based on Plaintiff's EEOC Charge in combination with the limited allegations of the Complaint. That said, the Court does not construe the Complaint to assert any state law claims. Specifically, Plaintiff does not appear to challenge Amazon's conduct under the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 *et. seq.* ("CEPA").

partial Motion to Dismiss, seeking dismissal of only Plaintiff's age, gender, and religious discrimination claims. (*See* ECF No. 5, Defendant's Motion to Dismiss.) On May 25, 2022, because Plaintiff had not filed any opposition to Amazon's Motion, the Court notified Plaintiff that she would have until June 8, 2022, to file an opposition for consideration. (*See* ECF No. 6, No Opposition Letter.) To date, Plaintiff has not filed her opposition, and therefore, the Court considers Amazon's partial Motion to Dismiss unopposed.

## II. STANDARD OF REVIEW

Courts undertake a three-part analysis when considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' " *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quotation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[M]ere restatements of the elements of [a] claim[ ] ... are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original) (quotation omitted). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' " *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

"Rule 12 prohibits the court from considering matters outside the pleadings in ruling on a motion to dismiss for failure to state a claim ... and a court's consideration of matters outside the pleadings converts the motion to a motion for summary judgment." *Kimbugwe v. United States*, No. 12-7940, 2014 WL 6667959, at *3 (D.N.J. Nov. 24, 2014). "[A]n exception to the general rule is that a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis omitted) (internal quotation marks omitted). Notwithstanding these principles, courts may not consider allegations raised for the first time in a plaintiff's opposition to a motion to dismiss. *See Pennsylvania ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Finally, because Plaintiff is proceeding *pro se*, I construe her Complaint liberally and in the interests of substantial justice. *See, e.g.*, *Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established."); *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) ("Courts are to construe complaints so as to do substantial justice, keeping in mind that *pro se* complaints in particular should be construed liberally."); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d. Cir. 2003) ("apply[ing] the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name," on a motion to dismiss) (citations omitted). Even so, I am not required to credit "bald assertions" or "legal conclusions" simply because Plaintiffs are proceeding *pro se*. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). A *pro se* complaint may just as readily be dismissed if it sets forth allegations which cannot be construed to supply facts supporting a

7

claim for relief. *See Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981); *Grohs v. Yatauro*, 984 F. Supp. 3d 273, 282 (D.N.J. 2013).

**III.   DISCUSSION**

Amazon moves for dismissal of Plaintiff's age, religion, and gender discrimination claims pursuant to Fed. R. Civ. P. 12(b)(6). (*See, e.g.*, Def. Mov. Br.) Specifically, Amazon argues that Plaintiff has not pled sufficient facts regarding age, religion, or gender discrimination to state *prima facie* cases for such discrimination. I agree with Amazon's position.

**A.   ADEA Claim**

First, Plaintiff alleges that Amazon discriminated against her on the basis of her age in violation of the ADEA. (Compl., 5.) In this regard, Plaintiff conclusorily cites only to Amazon's failure to promote her to Process Assistant. (*Id.*) To establish a *prima facie* case of age discrimination under the ADEA, Plaintiff is required to show that: (1) she was a member of a protected class, *i.e.*, was forty years of age or older; (2) she was subject to an adverse employment action; (3) she was qualified for her position; and (4) the adverse employment action was because of her age. *Fowler v. AT&T, Inc.*, 19 F.4th 292, 299 (3d Cir. 2021). Thus, the ADEA prohibits employment discrimination on the basis of an individual's age when that individual is at least forty years old. *See* 29 U.S.C. § 623(a)(1).

Here, Plaintiff has not pled facts sufficient to show that she has a plausible claim for relief under the ADEA. Importantly, Plaintiff does not explicitly state her age in her Complaint, and therefore fails to allege that she is a member of a protected class.[7] This alone warrants dismissal of the age discrimination claim. Moreover, while Plaintiff alleges in conclusory fashion that she was denied a Process Assistant position because of her age, she offers no other allegations to

---

[7] While Amazon certifies that Plaintiff was born in 1994, the Court bases its findings only on the facts alleged within the Complaint. (*See* Effingham Decl. ¶ 3.)

support that claim. (Compl., 5.)  In addition, contrary to Plaintiff's lone allegation that she was denied the role of Process Assistant, the Complaint also confusingly alleges that Plaintiff was, in fact, a Process Assistant when Amazon terminated her employment. (*Id.* at 1.) Therefore, as pled, Plaintiff's Complaint fails to state a claim for age discrimination against Amazon.

### B. Title VII Claims

Next, Plaintiff alleges that she suffered discrimination on the basis of her religion and gender in violation of Title VII. Title VII bars employment discrimination based on race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). I will address Plaintiff's religious and gender discrimination claims, in turn.

With regard to religious discrimination, Plaintiff alleges only that her "highly spiritual" nature caused her supervising manager to be "very discriminative," which in turn "influenced the hostile work environment."[8] (Compl., 2.) Without more, however, Plaintiff has not alleged facts sufficient to show that she has a plausible claim for relief under Title VII for religious discrimination. First, Plaintiff does not offer any facts to suggest that Amazon acted with religious animus toward Plaintiff, nor does she specify the type of discriminatory acts she faced as a result of her beliefs. *See Hashem v. Hunterdon Cent. Reg'l High Sch. Bd. of Educ.*, No. 15-8585, 2019 WL 1915661, at *8 (D.N.J Apr. 30, 2019) (granting defendant's motion for summary judgment regarding plaintiff's Title VII religious discrimination claim because plaintiff did not produce any admissible evidence which demonstrated that defendant acted with religious animus). Rather, the Complaint only alleges in conclusory fashion that "[Plaintiff] being in such a spiritual manner"

---

[8] The Court does not construe the Complaint to bring a Title VII hostile work environment claim, because Plaintiff does not allege specific discriminatory events based on her beliefs, and Plaintiff did not file an additional EEOC charge regarding hostile work environment.

caused Amazon to discriminate against her. As such, the Court cannot conclude that Amazon acted with any religious animus toward Plaintiff.

Further, to establish a *prima facie* case of religious discrimination under Title VII, Plaintiff is required to show that: (1) she held a sincere religious belief that conflicted with her job requirements; (2) she informed her employer of the conflict; and (3) she was disciplined for failing to comply with the conflicting requirement. *See Fallon v. Mercy Catholic Med. Ctr.*, 877 F.3d 487, 490 (3d Cir. 2017). A "sincere religious belief" is one that (1) addresses "fundamental and ultimate questions having to do with deep and imponderable matters;" (2) are "comprehensive in nature;" and (3) are accompanied by "certain formal and external signs." *See id.* at 491 (citing *Africa v. Comm. of Pa.*, 662 F.2d 1025, 1032 (3d Cir. 1981)). Here, Plaintiff fails to provide any additional information about the nature of her beliefs, and therefore, she cannot establish that she held sincere religious beliefs. *See Brown v. Children's Hospital of Philadelphia*, 794 F. App'x 226 (Mem), 227-28 (3d Cir. 2020) (affirming district court's dismissal of *pro se* plaintiff's religious discrimination claim because plaintiff failed to provide allegations that her opposition to her employer's vaccination requirement was a sincere religious belief). Also, even if Plaintiff is able to provide additional facts that establish her spirituality as a sincere religious belief, no allegations exist in the Complaint that her spiritual nature conflicted with any specific job requirements. (Compl., 2.); *see Nguyen v. McDonald's*, No. 12–02795, 2013 WL 6528775, at *5 (D.N.J. Dec. 9, 2013) (concluding that plaintiff could not sustain a religious discrimination claim because she never advised her employer that her religious beliefs conflicted with her duties and did not provide evidence of any conflict). Lastly, Plaintiff fails to explicitly allege that she informed Amazon of her spiritual nature at any point during her employment; rather, she only alleges that she was "known to be spiritual." (Compl., 2); *see Nguyen*, 2013 WL 6528775, at *5 (rejecting plaintiff's

religious discrimination claim because "undisputed evidence shows that Defendant was not advised of Plaintiff's religious beliefs"); *see also Darby v. Temple University*, 216 F.Supp.3d 535, 542 (E.D. Pa. 2016) (holding that plaintiff alleged sufficient evidence that he informed his employer of his religion, specifically that he wore a cross, mentioned his church attendance to coworkers, read his Bible at work, and attended church with his former supervisor's brother). Therefore, Plaintiff fails to state a claim for religious discrimination against Amazon under Title VII.

Next, with regard to gender discrimination, Plaintiff alleges that Amazon failed to promote her to Process Assistant on the basis of her gender and age. (Compl., 5.) In order to establish a *prima facie* case for gender discrimination under Title VII, Plaintiff must show that: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

While it is undisputed that Plaintiff is a member of a protected class under Title VII because she is a female, Plaintiff fails to provide any facts to support the accusation that she was subject to an adverse employment action based on gender. For example, while Plaintiff posits that she was denied promotion to Process Assistant because of her gender, (*see* Compl., 5), the Complaint also appears to allege that Plaintiff later received this promotion in September of 2020. Thus, it does not follow that Plaintiff was subject to an adverse employment action because of her gender. (*See id.* at 6.); *Taylor v. Wee Health Care Serv., Inc.*, No. 09–4034, 2010 WL 1050130, at *3 (D.N.J. Mar. 19, 2010) (dismissing plaintiff's gender-based employment discrimination claim because

plaintiff failed to allege facts that she was terminated because of her gender). Therefore, Plaintiff's Complaint as pled fails to state a claim for gender discrimination against Amazon.

## IV. CONCLUSION

For the reasons set forth above, Defendant's partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**. Plaintiff's age, religion, and gender discrimination claims are dismissed without prejudice. To the extent that Plaintiff believes she can supply additional facts to cure the deficiencies related to her age, religion, and gender discrimination claims, Plaintiff is given leave to amend the Complaint within 20 days of the accompanying Order. Because Amazon has not moved to dismiss the entire Complaint, Plaintiff's race and disability discrimination claims and retaliation claim, as construed by the Court, remain. However, since Plaintiff failed to oppose Amazon's motion, despite the Court affording her additional time and opportunity to do so, it is not clear that she remains interested in pursuing this action. Accordingly, if Plaintiff does not file an amended complaint within 20 days, or otherwise responds to the Court's Order indicating that she intends to pursue only the remaining claims, the Court may dismiss Plaintiff's Complaint for failure to prosecute. Finally, should the case proceed, the Court will provide Amazon another opportunity to dismiss Plaintiff's age, religion, and gender discrimination claims, as amended, and/or the remaining claims.

Date:   July 19, 2022                             /s/ Freda L. Wolfson
                                                  Freda L. Wolfson
                                                  U.S. Chief District Judge